LAMAR, Justice,
for the Court.
¶ 1. This matter is before the Court on the recommendation of the Mississippi Commission on Judicial Performance (“Commission”) to publicly reprimand County Court Judge William Agin and order that he pay costs of $100. After reviewing the record, we find that the recommended sanction is warranted and appropriate.
STATEMENT OF FACTS AND PROCEEDINGS
¶ 2. On January 9, 2009, the Commission filed a formal complaint, No.2008-265, in which it alleged that Judge Agin had failed to perform his judicial duty by not issuing a timely ruling in Sylvania Brown v. Quick-N-Easy Grocery, Inc. and John Does I-IV, Civil Action File No.2006-0531, in the County Court of Madison County, Mississippi.[1] The Commission further al *580 leged that Judge Agin’s conduct in No.2008-265 was part of a recurring pattern of delay in issuing orders. See Mississippi Comm’n on Judicial Performance v. Agin, 987 So.2d 418 (Miss.2008) (finding failure to timely render a decision in three cases, a violation of Canons 1, 2A, 3B(8), and 3(C)(1), sanctionable under the Mississippi Constitution, Article 6, Section 177A, subpart (e)).
¶ 3. On April 28, 2009, counsel for the Commission and Judge Agin filed an agreed statement of facts and proposed recommendation, which was accepted by the Commission. The Commission then submitted its findings of fact and conclusions of law and recommendation to this Court on June 11, 2009. The Commission found that Judge Agin’s actions constituted “... (b) willful misconduct in office; (c) willful and persistent failure to perform his duties ... [and] (e) conduct prejudicial to the administration of justice which brings the judicial office into disrepute.” Miss. Const. art. 6, § 177A(b)-(c), (e). The Commission further found that Judge Agin had violated Canons 1, 2A, 3B(1), 3B(8), and 3C(1) of the Code of Judicial Conduct.[2] The Commission recommends that we publicly reprimand Judge Agin and assess costs of $100. Judge Agin and the Commission have submitted to this Court a joint motion for approval of the Commission’s recommendation.
DISCUSSION
¶ 4. This Court conducts “ ‘de novo review of judicial misconduct proceedings, giving great deference to the findings, based on clear and convincing evidence, of the recommendations of the Mississippi Commission on Judicial Performance.’ ” Mississippi Comm’n on Judicial Performance v. Sanford, 941 So.2d 209, 212 (Miss.2006) (quoting Mississippi Comm’n on Judicial Performance v. Gibson, 883 So.2d 1155, 1156 (Miss.2004)). While this Court defers to the Commission’s findings, we must render an independent judgment, as this Court is vested with the “sole power to impose sanctions in judicial misconduct cases.” Gibson, 883 So.2d at 1157.
*581 ¶ 5. While Judge Agin does not contest the Commission’s findings, we are unable to find that his conduct in the case sub judice constitutes willful misconduct in office or willful and persistent failure to perform his duties. Miss. Const., art. 6, § 177A(b)-(c) (emphasis added). In construing subparts (b) and (c), this Court has held that the Commission must show that the “judge’s behavior was done willfully or with gross unconcern and generally in bad faith.” Mississippi Comm’n on Judicial Performance v. Former Judge U.U., 875 So.2d 1083, 1088-89 (Miss.2004). The record simply does not support the Commission’s finding that Judge Agin’s delay in rendering an opinion in this case was willful or was done with gross unconcern or in bad faith. Judge Agin testified that Quick-N-Easy presented a case of first impression for him and that “it wasn’t [his] intention that it be held up.”[3] Furthermore, the summary judgment hearing was held approximately ten days after he had started treatment for a serious medical condition, with those treatments continuing for a period of several months.
¶ 6. Judge Agin’s court administrator and court reporter attested to Judge Agin’s work ethic and reported that his docket was current except for one case that recently had been remanded from federal court. His court administrator testified that Judge Agin’s docket in 2008 contained 293 DHS cases and 844 youth court cases. Additionally, Judge Agin presided over half of the 1,419 civil cases and 157 criminal cases filed in the Madison County Court.
[4] ¶ 7. In reviewing the record before this Court, we find the Commission has not shown that Judge Agin’s conduct constitutes “(b) willful misconduct in office; [or] (c) willful and persistent failure to perform his duties ...” Miss. Const, art. 6, § 177A(b)-(e) (emphasis added). However, we do find that Judge Agin’s conduct is “prejudicial to the administration of justice which brings the judicial office into disrepute.” Miss. Const, art. 6, § 177A(e). This Court has held that a judge’s failure to timely render decisions is actionable under subpart (e) of Section 177A. Former Judge U.U., 875 So.2d at 1088-89. In Former Judge U. U., this Court found that the “judge’s negligence created the delays in entering orders and resulted in considerable amounts of time elapsing before judgment was entered ... [s]ueh delays are covered under the scope of subsection (e) and the effect of the delays brought the judicial office into disrepute.” Id. at 1089. Likewise, Judge Agin’s delay in rendering a decision in Quick-N-Easy was the result of negligence that has brought his office into disrepute. Miss. Const. art. 6, § 177A(e).
¶ 8. In 2008, this Court concluded that Judge Agin had violated Canons 1, 2A, 3B(8) and 3C(1) of the Code of Judicial Conduct for his failure to timely render decisions in three pending cases. Mississippi Comm’n on Judicial Performance v. Agin, 987 So.2d 418 (Miss.2008). Because Judge Agin has repeated the same misconduct, no further discussion of these Canons is warranted. However, we find no evidence to support a violation of Canon 3B(1), which provides that “[a] judge shall hear and decide all assigned matters within the judge’s jurisdiction except those in which disqualification is required.” Miss. Code of Judical Conduct, Canon 3(B)(1). We find that Canon 3(B)(1) is inapplicable to this case.
*582 ¶ 9. Because Judge Agin has violated Canons 1, 2A, 3B(8) and 3C(1), and his conduct is sanctionable under subpart (e) of Section 177A, this Court must determine an appropriate sanction by examining six factors:
(1) The length and character of the judge’s public service; (2) Whether there is any prior case law on point; (3) The magnitude of the offense and the harm suffered; (4) Whether the misconduct is an isolated incident or evidences a pattern of conduct; (5) Whether moral turpitude was involved; and (6) The presence or absence of mitigating or aggravating circumstances.
Mississippi Comm’n on Judicial Performance v. Gibson, 883 So.2d 1155, 1158 (Miss.2004).

1. The length and character of the judge’s public service.

¶ 10. Judge Agin has served as County Court Judge of Madison County since 1982. He has served as the chairman of the youth court judges and chairman of the county court judges. Judge Agin has also served on the Rules Advisory Committee and the Media in the Courtroom Study Committee.

2. Whether there is any prior case law on point.

¶ 11. This Court previously has sanctioned Judge Agin with a public reprimand and costs of $100 for his failure to timely render decisions in three pending cases. Mississippi Comm’n on Judicial Performance v. Agin, 987 So.2d 418 (Miss.2008). Judge Agin also was privately reprimanded by the Commission in 2005 for the same dilatory behavior. Judge Agin has repeated the same misconduct in the case sub judice.
¶ 12. In Former Judge U.U., this Court imposed a private reprimand and costs for a judge’s failure to timely render a decision in six cases. Mississippi Comm’n on Judicial Performance v. Former Judge U.U., 875 So.2d 1083, 1086 (Miss.2004). The Court refused to impose a public reprimand because of:
(1) the quick remedial steps taken by the judge before and after receiving the notices of complaints in two cases; (2) the reliance upon attorneys in two other cases to furnish orders; (3) the delay caused by the production of the transcript in one case, and (4) the remedial steps taken ... to schedule adequate time for writing and issuing orders.
Id. at 1095.
¶ 13. The facts of Former Judge U.U. are distinguishable. Judge Agin’s delay in rendering a decision in Quick-N-Easy was not due to his reliance upon others, like that of the judge in Former Judge U. U. In fact, Quick-N-Easy submitted a proposed order prior to instituting the procedure for writ of mandamus. Further, Judge Agin failed to schedule adequate time for writing and issuing an order in Quick-N-Easy after he had been admonished by this Court in 2008 for the same misconduct.

3.The magnitude of the offense and the harm suffered.

¶ 14. Judge Agin has established a pattern of delay in rendering decisions. Litigants have suffered harm by Judge Agin’s failure to render prompt and timely decisions. Further, Judge Agin’s untimeliness undoubtedly has caused the litigants to incur unnecessary expenses due to prolonged litigation. Lastly, this Court has expended its judicial resources in reviewing Judge Agin’s repetitive misconduct.
J. Whether the misconduct is an isolated incident or evidences a pattern of conduct.
¶ 15. As previously noted, Judge Agin has established a pattern of delay in rendering decisions.

*583
5. Whether moral turpitude was involved.

¶ 16. No moral turpitude was involved.

6. The presence or absence of mitigating or aggravating circumstances.

¶ 17. Judge Agin’s second appearance before this Court for the same misconduct constitutes an aggravating circumstance. However, Judge Agin’s acknowledgment of his inappropriate conduct is a mitigating circumstance. See Mississippi Comm’n on Judicial Performance v. Sanford, 941 So.2d 209, 212 (Miss.2006) (finding that judge’s acknowledgment of his wrongful conduct is a mitigating circumstance). Judge Agin also underwent treatment for a serious medical condition during the pen-dency of his decision in Quick-N-Easy Grocery, Inc., which constitutes a mitigating factor.
¶ 18. After carefully considering the Gibson factors, we conclude that an appropriate sanction in this case is a public reprimand and costs of $100. Therefore, this Court approves the recommendation made by the Commission and Judge Agin.
CONCLUSION
¶ 19. Judge Agin has violated Canons 1, 2A, 3B(8) and 3C(1) of the Code of Judicial Conduct, and his conduct is within the scope of Section 177A, subpart (e) of the Mississippi Constitution. We grant the parties’ joint motion for approval of the Commission’s recommendation and order that Judge Agin be publicly reprimanded and assessed costs of these proceedings ($100).
¶ 20. JUDGE WILLIAM AGIN, COUNTY COURT JUDGE FOR MADISON COUNTY, SHALL BE PUBLICLY REPRIMANDED IN OPEN COURT BY THE PRESIDING JUDGE OF THE MADISON COUNTY CIRCUIT COURT ON THE FIRST DAY OF THE NEXT TERM OF THAT COURT IN WHICH A JURY VENIRE IS PRESENT AFTER THIS DECISION BECOMES FINAL AND IS ASSESSED COSTS IN THE AMOUNT OF $100.00.
WALLER, C.J., CARLSON AND GRAVES, P.JJ., DICKINSON, RANDOLPH, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR.

. Quick-N-Easy filed a motion for summary judgment on November 15, 2007. Judge Agin *580 presided over the hearing for summary judgment on January 31, 2008, at which time he took the matter under advisement. Quick-N-Easy sent a proposed order to Judge Agin on July 31, 2008. After receiving no response, Quick-N-Easy contacted the Administrative Office of Courts ("AOC”) to obtain a writ of mandamus. The AOC sent notices to Judge Agin on September 4, 2008, and December 2, 2008. Judge Agin entered an order denying the motion for summary judgment on January 12, 2009, three days after the Commission filed its formal complaint.

. Canon 1:
An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing high standards of conduct, and shall personally observe these standards so that the integrity and independence of the judiciary will be preserved. The provisions of this Code should be construed and applied to further that objective.
Canon 2A:
A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary. Canon 3B(1):
A judge shall hear and decide all assigned matters within the judge's jurisdiction except those in which disqualification is required.
Canon 3B(8):
A judge shall dispose of all judicial matters promptly, efficiently and fairly.
Canon 3(C)(1):
A judge shall diligently discharge the judge's administrative responsibilities without bias or prejudice and maintain professional competence in judicial administration, and shall cooperate with other judges and court officials in the administration of court business.

. This Court ordered the Commission to hold a show-cause hearing, a transcript of which appears in the record.