# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2018-JP-00194-SCT

*MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE*

*v.*

*MARY H. CURRY*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/31/2018 |
| TRIAL JUDGE: | HON. KENT McDANIEL |
| COURT FROM WHICH APPEALED: | MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE |
| ATTORNEYS FOR APPELLANT: | DARLENE D. BALLARD |
| | RACHEL W. MICHEL |
| | MEAGAN E. BRITTAIN |
| ATTORNEY FOR APPELLEE: | DERRICK T. SIMMONS |
| NATURE OF THE CASE: | CIVIL - JUDICIAL PERFORMANCE |
| DISPOSITION: | PUBLIC REPRIMAND - 07/26/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1.    The Mississippi Commission on Judicial Performance (Commission) filed a formal complaint against Justice Court Judge Mary Curry. The complaint outlined multiple allegations of misconduct on the part of Judge Curry, and ultimately, the Commission and Judge Curry entered into an agreed stipulation of facts, with a proposed recommendation of a public reprimand. The Commission and Judge Curry filed a joint motion for approval of

the recommendation with the Court. We accept and affirm the Commission's recommendation of a public reprimand.

**FACTS AND PROCEDURAL HISTORY**

¶2. Judge Curry served as the justice court judge for the Eastern District of Claiborne County. In the instant case, Judge Curry agreed to the following findings of fact:

1. Judge Curry "has signed warrants based on affidavits sworn by her relatives . . . ." After signing the warrants, Judge Curry would not set bond even though the charges were misdemeanors. Judge Curry would recuse herself from the case, citing her relationship to the affiants.

2. Judge Curry "disposed of Protection from Domestic Abuse Petitions, in violation of the Mississippi Protection From Domestic Abuse Act . . . [by] display[ing] a pattern of dismissing Petition for Order of Protection From Domestic Abuse without having the statutorily mandated hearing."

3. Judge Curry "presided over the Initial Appearance of . . . a relative concerning his Possession of a Controlled Substance charge" setting the bond at $50,000. However, later, the relative filed "what purports to be a Motion for Bond Reduction. The Motion for Bond Reduction is blank and it does not state any reason for [the relative]'s bond to be reduced[,]" and only contains the relative's signature. Yet, Judge Curry granted the reduction and reduced bond to $5,000.

4. Judge Curry waived an expungement fee and "directed the clerks to void the receipts in [the] matter and to refund . . . the money."

5. Judge Curry, "after being informed of th[e instant matter] and the identity of the complainant[,] submitted a letter to the Claiborne County Board of Supervisors, requesting that they transfer the complainant from her position as Justice Court Clerk." Judge Curry cited the filing of the complaint as a reason for removal.

Judge Curry stipulated that her conduct as outlined above, violated the following canons of the Code of Judicial Conduct: Canons 1, 2A, 2B, 3B(1), 3B(2), 3B(5), 3B(7), 3B(8), and

2

3C(1). Additionally, Judge Curry stipulated that her conduct also violated Mississippi Code Section 93-21-11 (Rev. 2013) and Mississippi Code Section 25-7-25 (Rev. 2010). Lastly, Judge Curry agreed that her conduct violated Section 177A of the Mississippi Constitution as it is conduct prejudicial to the administration of justice, which brings the judicial office into disrepute.

¶3. The Commission and Judge Curry agreed to a proposed recommendation of a public reprimand. On March 12, 2018, the Commission filed a joint motion requesting the Court approve the Commission's findings of fact and recommendation.

## ANALYSIS

¶4. According to Section 177A of the Mississippi Constitution:

> On recommendation of the commission on judicial performance, the Supreme Court may remove from office, suspend, fine or publicly censure or reprimand any justice or judge of this state for: (a) actual conviction of a felony in a court other than a court of the State of Mississippi; (b) willful misconduct in office; (c) willful and persistent failure to perform his duties; (d) habitual intemperance in the use of alcohol or other drugs; or (e) conduct prejudicial to the administration of justice which brings the judicial office into disrepute; and may retire involuntarily any justice or judge for physical or mental disability seriously interfering with the performance of his duties, which disability is or is likely to become of a permanent character.

Also, Commission on Judicial Performance Rule 10(E) provides that the Court "shall prepare and publish a written opinion and judgment directing such disciplinary action, if any, as it finds just and proper. The Supreme Court may accept, reject, or modify, in whole or in part, the findings and recommendation of the Commission." Ultimately, it is the Court making final decisions in judicial performance cases.

3

¶5.    The Commission's findings of fact indicate that Judge Curry violated the following canons of the Code of Judicial Conduct.

Canon 1 provides:

An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved. The provisions of this Code should be construed and applied to further that objective.

Canon 2 provides, in pertinent part:

A.    A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

B.    Judges shall not allow their family, social, or other relationships to influence the judges' judicial conduct or judgment. Judges should not lend the prestige of their offices to advance the private interests of the judges or others; nor shall judges convey or permit others to convey the impression that they are in a special position to influence the judges. Judges shall not testify voluntarily as character witnesses.

¶6.    Canon 3B provides, in pertinent part:

(1)    A judge shall hear and decide all assigned matters within the judge's jurisdiction except those in which disqualification is required.

(2)    A judge shall be faithful to the law and maintain professional competence in it. A judge shall not be swayed by partisan interests, public clamor, or fear of criticism.

. . .

(5)    A judge shall perform judicial duties without bias or prejudice. A judge shall not, in the performance of judicial duties, by words or conduct manifest bias or prejudice, including but not limited to bias or prejudice based upon race, gender, religion, national origin, disability, age, sexual orientation or socioeconomic status, and shall not permit staff, court

4

officials and others subject to the judge's direction and control to do so. A judge shall refrain from speech, gestures or other conduct that could reasonably be perceived as sexual harassment and shall require the same standard of conduct of others subject to the judge's direction and control.

. . .

(7) A judge shall accord to all who are legally interested in a proceeding, or their lawyers, the right to be heard according to law. A judge shall not initiate, permit, or consider ex parte communications, or consider other communications made to the judge outside the presence of the parties concerning a pending or impending proceeding except that: . . . .

(8) A judge shall dispose of all judicial matters promptly, efficiently and fairly.

¶7. Lastly, Canon 3C(1) provides:

A judge shall diligently discharge the judge's administrative responsibilities without bias or prejudice and maintain professional competence in judicial administration, and shall cooperate with other judges and court officials in the administration of court business.

¶8. The Court must first determine if Judge Curry's actions amount to "willful misconduct" or "conduct prejudicial to the administration of justice which brings the judicial office into disrepute." Miss. Const. art. 6, § 177A. The Court has held that willful misconduct in office is:

the improper or wrong use of power of his office by a judge acting intentionally or with gross unconcern for his conduct and generally in bad faith. It involves more than an error of judgment or a mere lack of diligence. Necessarily, the term would encompass conduct involving moral turpitude, dishonesty, or corruption, and also any knowing misuse of the office, whatever the motive. However, these elements are not necessary to a finding of bad faith. A specific intent to use the powers of judicial office to accomplish a purpose which the judge knew or should have known was beyond the legitimate exercise of his authority constitutes bad faith. . . .

5

> Willful misconduct in office of necessity is conduct prejudicial to the administration of justice which brings the judicial office into disrepute. However, a judge may also, through negligence or ignorance not amounting to bad faith, behave in a manner prejudicial to the administration of justice so as to bring the judicial office into disrepute.

> This Court also has noted that a judge may "through negligence or ignorance not amounting to bad faith, behave in manner prejudicial to the administration of justice so as to bring the judicial office into disrepute." We have further explained that "misconduct does not have to be embedded in any form of bad behavior"—ignorance and incompetence can amount to conduct that violates Section 177A of the Mississippi Constitution.

*Miss. Comm'n on Judicial Performance v. Harris*, 131 So. 3d 1137, 1142 (¶¶ 14-15) (Miss. 2013) (citations omitted). In its brief, the Commission explains that Judge Curry's involvement in her relatives' cases violated Canon 2A, 2B, 3B(1), and 3B(5), and her failure to adjudicate the domestic abuse cases properly by dismissing the matters without a hearing or order violated Canons 3B(2), 3B(7), and 3B(8) and Section 93-21-1. Judge Curry's actions relating to refunding the expungement fee violated Canons 2A, 3B(2), and 3B(8). Finally, Judge Curry's actions in seeking the removal of the complainant from her job violated Canons 2B and 3C(1). Judge Curry admitted that her actions violated the above canons. Further, Judge Curry admitted that her actions violated Section 93-21-11, which provides that "[w]ithin ten (10) days of the filing of a petition under the provisions of this chapter [(Protection from Domestic Abuse)], the court shall hold a hearing, at which time the petitioner must prove the allegations of abuse by a preponderance of the evidence[,]" as well as Section 25-7-25, which involves justice court fees.

¶9.     We conclude that Judge Curry's conduct violated the above canons and statutes and that the Commission's findings are supported by the evidence in the record, including Judge Curry's own admissions and other documents related to the conduct at issue.  Judge Curry's conduct constituted willful misconduct in office and conduct prejudicial to the administration of justice, which brings the judicial office into disrepute.

¶10.    After determining that Judge Curry committed misconduct, the Court now determines the appropriate sanctions for her misconduct.  "The sanctions in a judicial misconduct case should be proportionate to the judge's offense." *Miss. Comm'n on Judicial Performance v. Vess*, 227 So. 3d 952, 956 (¶ 13) (Miss. 2017) (citing *Miss. Comm'n on Judicial Performance v. Harris*, 131 So. 3d 1137, 1144 (¶ 23) (Miss. 2013)).  The Court follows a six-factor test in determining whether a recommended sanction is proportionate to the offenses.  *Id.*  The factors are as follows:

> 1) the length and character of the judge's public service; (2) whether there is any prior caselaw on point; (3) the magnitude of the offense and the harm suffered; (4) whether the misconduct is an isolated incident or evidences a pattern of conduct; (5) whether the conduct was willful, intended to deprive the public of assets, or if it exploited the judge's position; and (6) the presence or absence of mitigating or aggravating factors.

*Id.*  at 956–57 (¶ 13) (Miss. 2017) (quoting *Miss. Comm'n on Judicial Performance v. Thompson*, 169 So. 3d 857, 869 (¶ 43) (Miss. 2015)).

### 1.     Public Service

¶11.    Judge Curry had been a justice court judge for two years, but she had been in public service as an employee of Claiborne County for thirty-four years prior to taking the bench.

### 2.     Prior Caselaw

¶12.    Though there are no identical cases, the sanction of a public reprimand is consistent with other caselaw involving similar conduct.  In *Mississippi Commission on Judicial Performance v. Dearman*, 66 So. 3d 112, 118 (¶ 26) (Miss. 2011), the Court ordered a public reprimand for Judge Dearman, who was involved in the initial appearance of a family member.[1]  Judge Curry participated in three cases involving her relatives.  In regard to Judge Curry's dismissal of the domestic abuse matters without a hearing as required by statute, in *Mississippi Commission on Judicial Performance v. Roberts*, 227 So. 3d 938, 949, 950 (¶¶ 33,42) (Miss. 2017), the Court stated that "failure to follow statutory dictates" is sanctionable, and the Court ordered Judge Roberts to be publicly reprimanded.  In *In re Chambliss*, 516 So. 2d 506, 506-7 (Miss. 1987), the Court ordered that Judge Charlie Chambliss receive a public reprimand for seeking to have several police officers who were involved in a traffic stop of Judge Chambliss removed or reassigned.  Similarly, Judge Curry, in her official capacity, attempted to have a complainant removed or transferred from her position.  *See also Miss. Comm'n on Judicial Performance v. Brown*, 918 So. 2d 1247 (Miss. 2005) (Judge interfered with son's prosecution and threatened complainant's job when a judicial complaint was filed against judge.  The Court sanctioned the judge by removal from office and payment of costs.)

3.    **Magnitude of Offense**

---

[1] Judge Dearman had other violations, so in addition to the public reprimand, she also was suspended from office for thirty days without pay and assessed $100 in costs. *Dearman*, 66 So. 3d at 120-121 (¶ 35).

¶13. In *Mississippi Commission on Judicial Performance v. Bustin*, 71 So. 3d 598, 604–05 (Miss. 2011), the Court explained:

> [M]ost citizens' primary, and perhaps only, contact with the law is through justice court; for that reason, justice court judges must "'regard scrupulously'" their office. *Miss. Comm'n on Judicial Performance v. Sanford*, 941 So. 2d 209, 215 (Miss. 2006) (quoting *In re Bailey*, 541 So. 2d 1036, 1039 (Miss. 1989)). If justice court judges do not exhibit professionalism, there is little chance that our citizenry will understand and respect the legal process. *Sanford*, 941 So. 2d at 215 (quoting *In re Bailey*, 541 So. 2d at 1039).

Judge Curry's conduct eroded the public's confidence in, and perception of, the judiciary by allowing herself to be involved in pending matters involving her relatives, calling into question the impartiality of the judiciary. Additionally, Judge Curry's improper handling, including ignoring statutory dictates, of three cases involving requests for orders of protection from domestic abuse is of great concern due to the sensitive nature of domestic abuse cases. Lastly, Judge Curry's attempt to have the complainant in the instant case removed from her position and transferred is significant. Certainly, Judge Curry's actions and inactions harmed the integrity of the judiciary.

### 4. Pattern of Conduct

¶14. While Judge Curry has not been sanctioned for misconduct before, her misconduct spans numerous cases. Judge Curry's conduct evidences a pattern, particularly as it relates to her participation in multiple, different cases involving her relatives and also her dismissals of three matters without a statutorily mandated hearing or order, involving petitioners' requested orders of protection for domestic abuse. The Court has held on numerous occasions that multiple incidents of improper behavior constitute a pattern. *See Miss.*

9

*Comm'n on Judicial Performance v. Darby*, 143 So. 3d 564, 570 (¶ 19) (Miss. 2014); *Miss. Comm'n on Judicial Performance v. Dearman*, 66 So. 3d 112, 120 (¶ 30) (Miss. 2011); *Miss. Comm'n on Judicial Performance v. Bradford*, 18 So. 3d 251, 256 (¶ 16) (Miss. 2009); *Miss. Comm'n on Judicial Performance v. Cowart*, 936 So. 2d 343, 350 (¶ 25) (Miss. 2006). Judge Curry's conduct is not an isolated incident and is evidence of a pattern of misconduct.

### 5.　Willfulness, Deprivation of Assets, or Exploitation of Position

¶15.　The Commission submits that there is no allegation that Judge Curry's conduct was willful, intended to deprive the public of assets, or exploited her position as a justice court judge.

### 6.　Mitigating or Aggravating Factors

¶16.　No aggravating factors are identified. The mitigating factors are Judge Curry's cooperation in the investigation, her admissions of wrongdoing, her changing her handling of future cases to prevent further violations, her lengthy career in public service, and her lack of prior complaints against her.

### CONCLUSION

¶17.　The Court grants the parties' joint motion for approval of the Commission's recommendation and orders Justice Court Judge Mary Curry of the Eastern District of Claiborne County to be publicly reprimanded. Judge Curry shall appear on the first day of the next term of the Circuit Court of Claiborne County in which a jury venire is present, after the mandate in the instant case has issued, to be reprimanded by the presiding judge.

¶18.  **JUDGE MARY CURRY, JUSTICE COURT JUDGE OF THE EASTERN DISTRICT OF CLAIBORNE COUNTY, SHALL BE PUBLICLY REPRIMANDED IN OPEN COURT BY THE PRESIDING JUDGE OF THE CLAIBORNE COUNTY CIRCUIT COURT ON THE FIRST DAY OF THE NEXT TERM OF THE COURT IN WHICH A JURY VENIRE IS PRESENT AFTER THE ISSUANCE OF THE COURT'S MANDATE, WITH JUDGE MARY CURRY IN ATTENDANCE.**

**WALLER, C.J., RANDOLPH AND KITCHENS, P.JJ., KING, MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR.**