# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2018-JP-01578-SCT

*MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE*

*v.*

*JUDGE JIMMY McGEE*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/29/2018 |
| TRIAL JUDGE: | HON. KENT McDANIEL |
| COURT FROM WHICH APPEALED: | COMMISSION ON JUDICIAL PERFORMANCE |
| ATTORNEYS FOR APPELLANT: | MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE BY: DARLENE D. BALLARD RACHEL W. MICHEL MEGAN C. BRITTAIN |
| ATTORNEY FOR APPELLEE: | ANTHONY L. FARESE |
| NATURE OF THE CASE: | CIVIL - JUDICIAL PERFORMANCE |
| DISPOSITION: | PUBLIC REPRIMAND AND FINE OF $1,683.34 - 04/04/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**BEAM, JUSTICE, FOR THE COURT:**

¶1.     The Mississippi Commission on Judicial Performance filed a formal complaint against Justice Court Judge Jimmy McGee, outlining multiple allegations of judicial misconduct. The Commission and Judge McGee entered into an agreed stipulation of facts and recommended a public reprimand and a fine of $1,683.34. The Commission and Judge McGee filed a joint motion for approval of the recommendation with this Court. After

consideration, we affirm the Commission's recommendation of a public reprimand and $1,683.34 fine.

## FACTS AND PROCEDURAL HISTORY

¶2.    Judge McGee serves as a justice court judge for Alcorn County, Mississippi, Post Two.  He agreed to the following determinations made by the Commission.

### *Failing to Issue Civil Rulings in a Timely Manner*

¶3.    Judge McGee failed to issue final orders on civil matters after conducting hearings and holding cases in abeyance.  The Commission found that, "on March 25, 2014, Angela Hight filed a complaint in Cause No. 1072-427, ***Angela Diane Hight v. Trustmark National Bank and Jeremy Todd Hight***. On May 6, 2014, Todd Hight filed his answer and requested a continuance."  Trustmark filed its answer on the same day.  On August 8, 2014, Judge McGee presided over a two-hour hearing in the case, during which all parties appeared, presented evidence, and called witnesses. Following the hearing, Judge McGee informed the parties "he was going to hold the case in abeyance and would have a ruling by August 26, 2014."  But Judge McGee "failed to make a ruling in the case."

¶4.    "[T]he Commission discovered [twenty-seven] similar cases establishing a pattern of conduct in which [Judge McGee] conducted hearings in civil cases, held the cases in abeyance, and failed to rule on the matter."  Judge McGee since has adjudicated all of the cases of which he still had jurisdiction.

### *Issuing an Order in a Civil Case without Conducting a Hearing on the Merits*

¶5. The Commission found that, "on June 21, 2016, Rick Quinn filed complaints in Cause No. 1079-448, **Rick Quinn v. Lawrence "Larry" Goodine**, and Cause No. 1079-447, **Rick Quinn v. Amanda Lee Alexander**." Rick Quinn claimed in each case that the opposing party had misappropriated his property, and Quinn requested money damages. Judge McGee granted default judgments in both cases. "On October 4, 2016, Judge McGee, *sua sponte*, entered an order setting aside both default judgments." The order stated that "the default judgments were entered in error because counsel for both sides had previously agreed to reset the cases."

¶6. On October 25, 2016, Larry Goodine and Amanda Alexander jointly filed a motion to dismiss for lack of subject-matter jurisdiction, claiming that because the case had begun as a criminal matter in Alcorn County Circuit Court, the Alcorn County Justice Court did not have jurisdiction. Therefore, the matter should have been before the circuit court. A motion hearing occurred on December 21, 2016, after which Judge McGee dismissed the case against Amanda Alexander. Judge McGee said he would hear Larry Goodine's case at a later date.

¶7. On July 19, 2017, Judge McGee denied Goodine's motion to dismiss, and he granted Rick Quinn a judgment without a hearing on the merits. Because Larry Goodine thereafter filed a notice of appeal in circuit court, Judge McGee lacks jurisdiction to take remedial action in the case.

*Dismissed Allegation of Retaliation*

¶8.     Initially, the Commission had charged Judge McGee with retaliatory action against former Alcorn County Justice Court Clerk Jone Dixon based on Judge McGee's appearance before the Alcorn County Board of Supervisors during executive session. But after further investigation and review of affidavits provided by Judge McGee, the Commission determined that Judge McGee had not engaged in any form of retaliation.

¶9.     Judge McGee stipulated that his conduct violated the following canons of the Code of Judicial Conduct: Canons 1, 2A, 3A, 3B(1), 3B(2), 3B(8), and 3C(1). Judge McGee stipulated also that such actions constituted misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute pursuant to article 6, section 177A, of the Mississippi Constitution. The Commission and Judge McGee agreed to a proposed recommendation of a public reprimand and a $1,683.34 fine.

## ANALYSIS

¶10.     The Mississippi Constitution vests this Court with the sole power to impose sanctions in judicial misconduct matters. Miss. Const. art. 6, § 177A. Thus, this Court "must undertake an independent inquiry of the case record." *Miss. Comm'n on Judicial Performance v. Smith*, 109 So. 3d 95, 98 (Miss. 2013) (citing *In re Anderson*, 412 So. 2d 743, 746 (Miss. 1982)). "In so doing, this Court accords 'careful consideration [to] the findings of fact and recommendations of the Commission, or its committee, which has had the opportunity to observe the demeanor of the witnesses.'" *Id.* (alteration in original) (quoting *In re Anderson*, 412 So. 2d at 746). We may "accept, reject, or modify" the

4

Commission's findings and recommendations. *Id.* (quoting Miss. Comm'n on Judicial Performance R.10(E)).

¶11. In determining the appropriate sanctions for judicial misconduct, the following factors are considered:

> (1) the length and character of the judge's public service; (2) whether there is any prior caselaw on point; (3) the magnitude of the offense and the harm suffered; (4) whether the misconduct is an isolated incident or evidences a pattern of conduct; (5) whether the conduct was willful, intended to deprive the public of assets, or if it exploited the judge's position; and (6) the presence or absence of mitigating or aggravating factors.

*Miss. Comm'n on Judicial Performance v. Curry*, 249 So. 3d 369, 375 (Miss. 2018) (quoting *Miss. Comm'n on Judicial Performance v. Vess*, 227 So. 3d 952, 956-57 (Miss. 2017)).

### (1) Length and Character of Judge McGee's Public Service

¶12. Judge McGee has served a justice court judge in Alcorn County for eighteen years.

### (2) Prior Caselaw

¶13. As the Commission found, Judge McGee failed to timely rule in twenty-eight civil cases. One case had not been resolved for seven years. The most recent case had been pending for over seven months before a formal complaint was filed.

¶14. Also, while presiding over the two cases filed by Rick Quinn against Larry Goodine and Amanda Alexander, Judge McGee entered a judgment in favor Quinn without holding a hearing on the merits of the case. Judge McGee had previously informed the parties that he would hold the hearing, but then he failed to do so.

5

¶15. In *Mississippi Commission on Judicial Performance v. Agin*, 987 So. 2d 418, 418 (Miss. 2008), Judge William Agin was privately admonished for failing to issue rulings in numerous cases. The private admonishment was conditioned upon the fact that Judge Agin would rule on the cases within ninety days. *Id.* Judge Agin failed to rule on three of the cases in the prescribed time period. *Id.* This Court found that Judge Agin violated Canons 1, 2A, 3B(8), and 3C(1). *Id.* at 420. Judge Agin was publicly reprimanded and was assessed the costs of the matter. *Id.*

¶16. In *Mississippi Commission on Judicial Performance v. Agin*, 17 So. 3d 578, 582 (Miss. 2009), Judge Agin was again charged with failing to render decisions in a timely manner. This Court again found that Judge Agin had violated Canons 1, 2A, 3(B)(8) and 3C(1). *Id.* This Court ordered that Judge Agin be publicly reprimanded and assessed costs. *Id.* at 583.

¶17. In *Mississippi Commission on Judicial Performance v. Roberts*, 227 So. 3d 938, 941 (Miss. 2017), Judge Keith Stokes Roberts issued a default judgment that differed substantially from the complaint. While the complaint was for a bad-check fee for $546.50, Judge Roberts granted the plaintiff $3,564.00 and an eviction. *Id.* Addressing the matter, this Court opined, "It is beyond the pale that Judge Roberts should have known that his actions amending the complaint and ordering an eviction were beyond the legitimate exercises of his authority." *Id.* at 945. This Court further stated that "this Court has made clear that abuse of process, failure to follow statutory dictates, and procedural errors are sanctionable." *Id.* at 949. This Court found that Judge Roberts had violated Canons 1, 2A,

6

3B(2), 3B(8), and 3C(1) of the Code of Judicial Conduct. *Id.* at 950. This Court ordered that Judge Roberts be publicly reprimanded, fined $3,000, and assessed costs. *Id.*

### (3)    Magnitude of Offense

¶18.    Judge McGee engaged in a pattern of delay in rendering opinions, which gave the appearance that he failed to diligently perform his judicial duties. And his conduct spans numerous cases. The citizens of Alcorn County deserve prompt decisions, which they did not receive. Litigants have suffered harm by Judge McGee's failure to render prompt and timely decisions. And his conduct undoubtedly has caused the litigants to incur unnecessary expenses due to prolonged litigation.

### (4)    Pattern of Conduct

¶19.    Judge McGee has a history with the Commission and this Court, although the prior complaints do not address the conduct here. Judge McGee has had three prior complaints before the Commission. Two were resolved by informal Commission action resulting in letters of caution, and one resulted in a suspension from office and a public reprimand.

¶20.    In Inquiry Concerning a Judge No. 2000-013, Judge McGee was cautioned that he could not serve as a correctional officer and a justice court judge simultaneously. Judge McGee thereafter resigned as a correctional officer.

¶21.    In Inquiry Concerning a Judge No. 2017-212, Judge McGee was cautioned concerning the procedure for when a law-enforcement officer has been charged with a crime. Judge McGee was reminded that in such matters, the circuit court presides over the probable-cause hearing.

**(5) Willfulness, Deprivation of Assets, or Exploitation of Position**

¶22. No allegation is made that Judge McGee's conduct was intended to deprive the public of assets or that Judge McGee exploited his position as a justice court judge.

**(6) Mitigating or Aggravating Factors**

¶23. Judge McGee's history with the Commission is an aggravating factor. Judge McGee's cooperation with the Commission, however, is a mitigating factor. Judge McGee fully participated in the Commission's investigation of this matter. He admitted wrongdoing and stipulated to the facts and the Commission's recommendation. Judge McGee also has since adjudicated all of the cases in which he retained jurisdiction.

## CONCLUSION

¶24. This Court grants the parties' joint motion for approval of the Commission's recommendation and orders Justice Court Judge McGee to be publicly reprimanded and fined $1,683.34. After the mandate in this case has issued, Judge McGee shall appear on the first day of the next term of the Circuit Court of Alcorn County in which a jury venire is present to be reprimanded by the presiding judge in open court.

¶25. **JUSTICE COURT JUDGE JIMMY McGEE SHALL BE PUBLICLY REPRIMANDED IN OPEN COURT BY THE PRESIDING JUDGE ON THE FIRST DAY OF THE NEXT TERM OF THE CIRCUIT COURT OF ALCORN COUNTY IN WHICH A JURY VENIRE IS PRESENT, WITH JUDGE McGEE PRESENT, FOLLOWING THE ISSUANCE OF THE MANDATE OF THIS COURT. JUDGE JIMMY McGEE SHALL BE FINED $1,683.34.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**